MICHAEL T. WELSH, ESQ. Village Attorney, LeRoy
We acknowledge receipt of your letter in which you state that the term of office of your village mayor expires on April 1, 1978, and that in November, 1977, the mayor was elected to the office of County Legislature of the county within which the village lies. The term of office of County Legislator will commence on January 1, 1978. You inquire whether there is any conflict or incompatibility for the same person to hold both of those offices simultaneously.
County Law § 411 provides as follows:
"§ 411. Holding more than one elective office
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor."
Village Law § 3-300, subdivision 4 provides as follows:
 "4. Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
The County Law does not prohibit an elective county officer from holding any village office. The Village Law authorizes village officers to hold other public offices unless the holding of the other offices would interfere with the village officer in carrying out his village duties.
The case of People ex rel. Ryan v Green, 58 N.Y. 295 (1874) held that offices are incompatible if the functions and duties of one subordinate or interfere with the functions and duties of another.
We see no apparent immediate inconsistency between the two offices you mention and feel that it is entirely possible for the same person to hold both of those offices simultaneously without a conflict of interest or subordination of function to arise.
In our opinion, the two offices of Village Mayor and County Legislator of a county within which the village lies are not incompatible and one person may hold both of such offices simultaneously.
It is entirely possible, under the provisions of Municipal Home Rule Law § 10, that local action may have been taken by the village or county establishing qualifications to hold office. We have no means of determining this. Our conclusion is, of course, subject to the provisions of any such local legislation.